KATIE TANNENBAUM, complainant,

*v.*

SEACOAST TRUST COMPANY OF ASBURY PARK, a body corporate, et al., defendants, and J. LYLE KINMONTH and W. HARVEY JONES, defendants-appellants.

[Submitted February term, 1939. Decided April 21st, 1939.]

*Mr. Lester C. Leonard,* for the appellants.

*Messrs. Furst & Furst (Mr. George Furst,* of counsel), for the respondent Thomas A. Mathis, substituted trustee.

PER CURIAM.

We are in accord with the conclusions reached by the learned vice-chancellor respecting the issues raised by the exceptions to the special master's report; and the decree is therefore affirmed.

And we are also of the view that the vice-chancellor properly denied the motion to reopen the decree for the purpose of moving for a rehearing. As the vice-chancellor pointed out in his unreported conclusions, the "newly discovered evidence" offered in support of the application did not fall into that category, and, in any event, it was not "such as would have changed, or be likely to have changed, the result if it had been introduced at the hearing."

It is claimed that this evidence demonstrates incontrovertibly that the securities in question "had been withdrawn from the vault where the trust fund securities were kept" before appellants' incumbency as trustee-pledgees, but it plainly did not tend in that direction. While the securities were actually taken from the vault during the incumbency of appellants' predecessors, it was for the purpose of foreclosure merely, and, as found by the vice-chancellor, the withdrawal of the securities from the trust fund took place while appellants were in office. Mr. Kinmonth testified that he deemed the remaining securities "ample." There was no direct personal benefit. The obvious purpose was to improve the bank's financial standing. But this does not serve to absolve appellants from responsibility for the loss of the securities.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, BODINE, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WOLFSKEIL, RAFFERTY, HAGUE, JJ. 11.

*For reversal*—CASE, DONGES, WELLS, JJ. 3.